15890

VICK v. SPRINGS COTTON MILLS *ET AL.*
(40 S. E. (2d), 409)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants,

*Messrs. Gregory & Gregory,* of Lancaster, for Respond-
ent,

November 26, 1946.

Mr. Chief Justice Baker delivered the majority opin-
ion of the Court.

In this case the main issue to be decided is whether the
respondent suffered serious facial disfigurement; but pre-
liminary to a discussion of same, there arises a highly tech-
nical issue which we will discuss first.

It is admitted that the respondent sustained an injury by accident arising out of and in the course of his employment with the appellant, Springs Cotton Mills, and that he lost no wages on account of any loss of time from his employment. However, it became necessary for the respondent to file a claim for alleged serious facial disfigurement, and pursuant thereto, a hearing was held before the South Carolina Industrial Commission, W. L. DePass, Jr., as Hearing Commissioner. At that hearing, there was no appearance on behalf of appellants.

In the report of the hearing it appears that the *"Subject of Hearing"* was "To determine the amount of disfigurement and any other questions which may arise under the terms of the Law."

The only testimony reported is that of the respondent, which is as follows:

" * * * that on November 14, 1944, a shuttle weighing about a half-pound, three inches long and two and one-half inches wide, being of hard wood, with a steel point, hit him in the mouth when it flew out of another loom; that three teeth were knocked out and the fourth damaged and had to be removed; that he had a cut lip and part of the bone of the upper jaw was removed to such an extent that he cannot have an upper plate fitted; that there are four teeth in the bridge; that his lip draws up and is sunken in; that two of his teeth were fitted with a gold plate."

The Hearing Commissioner's opinion and award reads as below set forth:

"At the Hearing herein the Defendants admitted employment, coverage and injury. The only question before the Commission is one of disfigurement.

"The Claimant appeared before this Commissioner and his disfigurement was observed. On November 14, 1944, the Claimant was injured when a shuttle weighing about one-half pound and being thirteen inches long and two and one-

half inches wide hit in his mouth; three teeth were knocked out and one damaged so that it had to be removed. Four teeth have been made in a bridge and when he loses the two teeth the bridge is attached to he will not be able to chew at all in the front of his mouth as there is not enough bone left to fit an upper plate, part of the bone of the upper jaw having been removed. As a result of the loss of the bone the upper lip draws upward and there is a depression or sink. The two teeth, upon which is hung the upper bridge containing four false teeth, are gold covered.

"I find that under Section 31(t) and the Amendment to this Section effective May 20, 1941, the Claimant should be paid the sum of Eighteen Hundred ($1,800.00) Dollars for serious and permanent injury to his upper teeth and jawbone.

"Therefore, the following:

## "AWARD

"It is ordered, that the Defendants pay to Claimant the sum of Eighteen Hundred ($1,800.00) Dollars for serious and permanent injury to his upper teeth and jawbone."

Appellants applied for and served notice and grounds for review before the Full Commission, said grounds being:

"1. That it was error to award $1,800.00 for disfigurement or alleged injury to the Claimant; the error being that the Award is excessive, arbitrary, capricious and greater than is reasonable and proper.

"2. That the Award is erroneous in that it includes and is based upon speculation, future possibilities and contingencies, which are not proper considerations for an Award under the Act.

"3. That it was error to award compensation for injury to or loss of teeth and parts of the jawbone; the error being that the Act makes no provision for injury to or loss of such members of the face or head.

"4. That it was error to include in the award compensation for alleged injury or loss, as distinguished from disfigurement; the error being that the Act provides only for serious disfigurement, and not for loss or injury not constituting serious disfigurement.

"5. That it was error to make any award in favor of Claimant; the error being that the Claimant sustains no condition constituting serious facial or head disfigurement for which compensation may be awarded under the Act.

"6. That it was error to award compensation for loss or injury to teeth or jawbone; the error being that an award may not be made for loss or injury to the said teeth or jawbone which does not constitute a serious facial or head disfigurement, and the award takes into account and includes compensation for conditions not constituting disfigurement and, therefore, not compensable under the Act.

"7. That the amendment to Section 31(t) providing that disfigurement shall also include loss or serious or permanent injury to an unscheduled member of the body has no application to parts of the head or face, but only members or parts of the body, and it was error to include compensation for alleged injury to or loss of such parts of the head or face."

The Full Commission recognized that an award could not be made for the loss of teeth and parts of the jawbone, only as such injuries related to facial disfigurement, thereby sustaining in a strictly technical sense all of the exceptions of the appellants save numbers 1 and 5; but Section 59 of the Workmen's Compensation Act allows on a review by the Full Commission an amendment of the award; and very justly it seems to us, the Full Commission made an award for facial disfigurement, in the following language:

"5. That inasmuch as the claimant suffered the loss of several teeth and has been required to have a good deal of bridgework placed in his mouth as a result of the accident

and had a part of the jawbone removed causing the upper lip to draw upwards and having a sunken depression in the face and lip, all of this constitutes under the Law facial disfigurement and he shall be awarded the sum of $1,800.00 for the same."

We now come to the main issue in the case. The respondent was an exhibit before the Full Commission at the time the award of the Hearing Commissioner was reviewed. He also appeared before the learned Circuit Judge who heard this appeal when it was argued before him; and under an order issued out of this Court, appeared before us and was viewed when the appeal was argued in this Court. It was obvious that the respondent has suffered what in our opinion was a serious facial disfigurement in that one side of his upper lip was drawn upwards and was such as to attract attention. It had the appearance of a harelip upon which a mediocre operation had been performed. As was stated in *Ferguson v. State Highway Department*, 197 S. C., 520, 528, 15 S. E. (2d), 775: "In *Poole v. Saxon Mills*, 192 S. C., 339, 6 S. E. (2d), 761, 764, the word 'serious' used in the connection in which it is now being considered, is said to be: 'Used in the sense that the disfigurement should be much more than slight, and partaking of permanency,' and 'disfigurement' is defined as 'that which impairs or injures the beauty, symmetry, or appearance of a person or thing; that which renders unsightly, misshapen, or imperfect, or deforms in some manner'."

Under the facts related herein, it was by the terms of the Act mandatory that an award in some amount be made; and we cannot say as a matter of law (or fact) that an award of Eighteen Hundred ($1,800.00) Dollars was exorbitant.

It is not necessary to decide in this case the question whether the Circuit Court has the power to reduce an award made by the Commission for disfigurement on the ground of excessiveness, as would be the case if the respondent's

claim had been submitted to a jury in a common-law action, and on a motion for a new trial or appeal to this Court the award was alleged to be excessive. See on this question, *Poole v. Saxon Mills,* 192 S. C., 339, 6 S. E. (2d), 761, and *Schwartz v. Mt. Vernon-Woodberry Mills,* 206 S. C., 227, 33 S. E. (2d), 517. These two cases appear to the writer to be inconsistent.

Judgment affirmed.

MESSRS. ASSOCIATE JUSTICES TAYLOR and OXNER concur and MESSRS. ASOCIATE JUSTICES FISHBURNE and STUKES concur in result.