16290

CAGLE v. CLINTON COTTON MILLS *ET AL.*
(56 S. E. (2d) 747)

*Messrs. Charles & Charles,* of Greenwood, *for Appellant,*

*Messrs. Nettles & Horton,* of Greenville, *for Respondents,*

December 7, 1949.

BAKER, Chief Justice.

The appellant, an employee of Clinton Cotton Mills, one of the respondents, sustained an accidental injury in the course of her employment when on October 10, 1947, she was struck in the mouth with a bobbin, resulting in the loss of six (6) teeth, four of which were upper front live teeth, and two were on a bridge. She was referred to a dentist in Clinton, who necessarily made her a new bridge (removable) which also undertook to compensate for the loss of the additional live teeth, but which did not prove satisfactory. However, the fact that this new bridge was unsatisfactory does not enter into this case as an issue, although the dental bill was paid by the respondents.

The appellant lost two days from her work as a result of the accident, which did not entitle her to compensation for temporary total disability; and when she is wearing the dental bridge there is no disfigurement apparent.

Within due time the appellant filed her claim for the loss of her teeth under the amendment of Section 31(t) of the Workmen's Compensation Act, Act May 20, 1941, 42 St. at Large, p. 221, § 1, approved May 20, 1941, and reading as follows: "* * * Provided, Further, That disfigurement shall also include the loss or serious or permanent injury of any member or organ of the body for which no compensation is payable under the schedule of specific injuries set out in this Section. And, Provided, Further, That in cases of bodily disfigurement it shall not be necessary for the employee to prove that disfigurement handicaps him in retaining or procuring employment, or that it interferes with his earning capacity."

At the hearing before the Industrial Commission, it was admitted that the accident arose out of and in the course of appellant's employment, and respondents relied solely on the opinion of this Court in the case of *Vick v. Springs Cotton Mills,* 209 S. C. 372, 40 S. E. (2d) 409, 410.

On September 10, 1948, the Industrial Commission, through the hearing commissioner, awarded the appellant

the sum of $800.00 compensation for "disfigurement" as a matter of law, under Section 31(t) of the Workmen's Compensation Act, as amended, which amendment is hereinbefore set out. The full commission, on appeal thereto, affirmed this award, but on appeal to the Circuit Court, the appeal was sustained on the authority of *Vick v. Springs Cotton Mills, supra,* by which case that Court felt bound.

We can well appreciate how the learned Circuit Judge felt bound by the *Vick case* by reason of some of the language in that opinion. That some of the statements therein contained are misleading will not be denied, and can only be accounted for because of the fact that in said case the award of the full commission was made for an actual serious facial disfigurement under that portion of Section 31 (t) of the Compensation Act reading, "In case of serious facial  *  *  *  disfigurement, the Industrial Commission shall award proper and equitable compensation  *  *  *," and not under the amendment of 1941 for loss of a member of the body. In other words, as that case came to this Court, the amendment of 1941 to Section 31(t) of the Workmen's Compensation Act was before us only incidentally because the claimant had lost teeth, but had suffered a serious facial disfigurement as a matter of fact, for which he was entitled to be compensated under the Act as originally passed, and the aid of the amendment was wholly unnecessary to warrant and sustain the award made. Therefore, the author of that opinion (the writer hereof) gave but slight, if any thought to the amendment, and erroneously wrote: "The Full Commission recognized that an award could not be made for the loss of teeth and parts of the jawbone, only as such injuries related to facial disfigurement  *  *  *." Such statement was dictum under the facts of that case and the only real issue there involved.

Now, for the first time, this Court is confronted with the issue whether the loss of four upper front live teeth is compensable under the amendment of 1941 to Section (t) of the Workmen's Compensation Act.

It is conceded by counsel engaged in the instant case that the amendment was occasioned by the holding of this Court in *Manning v. Gossett Mill,* 192 S. C. 262, 6 S. E. (2d) 256. Compensation for bodily disfigurements factually had been provided for in the Act prior to the amendment of 1941. Therefore, we can reach no other conclusion than that it was the intendment of the legislature to enlarge the coverage provided by the Act by declaring the loss or serious or permanent injury of any member or organ of the body for which no provision is made under the schedule of specific injuries, a disfigurement as a matter of law. We agree with appellant's counsel that where any physical member or organ of the anatomy (body), not included in the schedule of specific loss, is lost, or seriously or permanently injured, such loss or injury is covered by the amendment. It is not necessary that the loss or serious or permanent injury to the organ impair the appearance of a claimant.

This Court is committed to a liberal construction of the Compensation Act to include injured workmen within its protection rather than exclude them. *Bailey v. Santee River Hardwood Co.,* 205 S. C. 433, 32 S. E. (2d) 365. The basic purpose of the Workmen's Compensation Act is inclusion of employers and employees and not their exclusion, and its presumptions and its penalties are directed toward the end of effective coverage rather than noncoverage. *Jolly v. Atlantic Greyhound Corp.,* 207 S. C. 1, 35 S. E. (2d) 42. These postulates have been stated in several other cases decided by this Court.

It appears to us that it would be splitting hairs to hold that teeth are not members or organs of the body, and that the amendment did not cover teeth merely because it did not also specifically include "any member or organ" of the head. Moreover, the Circuit Judge, in his order reversing the award, made no such distinction; and the respondents did not include any sustaining grounds in the transcript of record.

98

The judgment of the Circuit Court is reversed, and the award is reinstated.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.