14877

DARLINGTON THEATRES, INC., v. COKER, SHERIFF, *ET AL.*
BERRY v. SAME

(2 S. E. (2d), 782)

*Mr. Sidney S. Tison, Solicitor,* for appellants, 

*Messrs. E. C. Dennis, Jr., Samuel Want, James S. Verner* and *Sam Rogol,* for respondents, 

May 10, 1939.

The opinion of the Court was delivered by MR. G. DUNCAN BELLINGER, ACTING ASSOCIATE JUSTICE.

This appeal is a consolidation of two actions brought by the owners, respectively, of the Liberty Theatre in Darlington, and the Center Theatre in Hartsville, to obtain an injunction against the peace officers of the State, county and respective towns, prohibiting them from interfering with the operation in such theaters of an advertising or promo-

tion plan. It is charged in the complaints that the defendants were threatening to arrest the theater owners or managers on the ground that the plan in question constitutes a violation of the lottery laws of this State. The respondents allege that they are threatened with a multiplicity of arrests, or with the need of instituting a multiplicity of actions to protect their rights, and that in general the threatened actions of the appellants would subject the respondents to prohibitive expense and to irreparable injury and damage.

The plan of advertising or promotion adopted by the respondents was to obtain a list of names by having persons voluntarily place their signatures on cards, they receiving no consideration directly or indirectly therefor. These cards were placed in a receptacle, and became a part of the permanent set up. Those not desiring the cards bearing their names to be a part of the permanent set up, may apply on the day that the prize was to be awarded for special cards for that occasion. This card was placed in the same receptacle with the cards in the permanent set up, but were designated by a different color, as they would be good only for that occasion.

On a given night a disinterested person would draw a card from the receptacle, and the person whose name is drawn would be entitled to the prize money offered for that day. In order that the person whose name is drawn to receive the prize, it is not required that such person be in the theater; the award is announced in the theater and at the same time outside of the theater. While it is not required that in order to make one eligible to obtain the award that such person be in the theater, the winner of the award is given ten minutes within which to reach the theater and obtain the award, but in order to receive the award that person is not required to pay admission into the theater. The evidence shows that the time allowed to reach the theater is ample for anyone living in the City of Darlington and the City of Hartsville.

If it so happened that the one whose name is drawn did not claim the award, the award for that occasion is held until another designated night, when the award is doubled, and if the one whose name is drawn on that occasion does not claim the award, the amount is then trebled for the next week's drawing, and so on until an award is claimed. The price of admission to the theaters remained the same on the nights of the drawing as was charged on other nights.

The respondents applied to Hon. E. C. Dennis, Circuit Judge, for an order permanently restraining the appellants from interfering with them in the operation of their plan of advertising or promotion. The cases were referred to the Master for the purpose of taking the testimony, and they coming before the Circuit Judge for final determination, Judge Dennis in a very careful and thoroughly prepared decree, sustained the contention of the respondents that the plan in question does not come within the scope of a lottery, as contemplated by our Constitution and statutes, and thereupon granted the injunction prayed for.

The question presented is whether or not the plan of the respondents set out herein, involving a distribution of money, without consideration on the part of the participants, constitutes a violation of the Constitution and statutory law of our State, prohibiting the setting up or operating of a lottery or an undertaking in the nature of a lottery.

We might well content ourselves with merely affirming the decree of Judge Dennis, for we are entirely satisfied with his reasoning and conclusions set forth therein, but we would add the following observations:

A plan which openly seeks to *avoid* the terms of a statute is a lawful one, but one which seeks to *evade* the statute is an unlawful one. See *Bullen v. Wisconsin,* 240 U. S., 625, 36 S. Ct., 473, 60 L. Ed., 830; *Helvering v. Gregory,* 2 Cir., 69 F. (2d), 809, Id., 293 U. S., 465, 55 S. Ct., 266, 79 L. Ed., 596, 97 A. L. R., 1355; *Minnesota Tea Co. v. Helvering,* 302 U. S., 609, 58 S Ct.

393, 82 L. Ed., 474. The plan of the respondents was for the purpose of *avoiding,* not *evading* the law.

In these cases we have been concerned with the application and construction of our Constitution and legislative enactments on the subject. If plans of this nature are inimicable to public welfare, then it would be a matter for legislative action, and not one for the Courts.

The order of Judge Dennis will be reported.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.