MILROSE CO., INC., A CORPORATION OF NEW JERSEY; STEINBERG DRESS SHOP, INC., A CORPORATION OF NEW JERSEY; AND JOSEPH STEINBERG, TRADING AS STEINBERG DRESS SHOP, PROSECUTORS, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, DEFENDANT.

Argued January 23, 1941—Decided May 13, 1941.

Before Justices BODINE and PORTER.

For the prosecutors, *Kipp, Ashen & Kipp* (*Oscar R. Wilensky*, of counsel).

For the defendants, *Charles A. Malloy* (*Herman D. Ringle*, of counsel).

The opinion of the court was delivered by

PORTER, J. This writ of *certiorari* brings before us for review the determination and finding of the Unemployment Compensation Commission, defendant, dated September 5th, 1940, in which it denied the application of Milrose Co., Inc., Steinberg Dress Shop, Inc., and Joseph Steinberg trading as Steinberg Dress Shop, prosecutors, for the refunding to them of certain assessments paid the defendant for employers' contributions under the Unemployment Compensation Law, *N. J. S. A.* 43:21, for the period ending January 1st, 1940.

These facts are not in dispute. It appears that Milrose Co., Inc., was a domestic corporation organized in 1923, composed of Joseph Steinberg, president, Dora Steinberg, treasurer, and Milton J. Steinberg, secretary. Its purpose and sole function was the holding of title to certain real property and it was engaged in no other business and had no employes other than the named officers, none of whom received any compensation for services except the secretary. Steinberg Dress Shop, Inc., was a domestic corporation organized in 1930. Its officers were the same individuals as in the Milrose Co., Inc., who held corresponding offices. Steinberg Dress Shop, Inc., employed not more than three individuals none of whom were officers or stockholders in either corporation. Both of these corporations were dissolved January 1st, 1939, and the assets were acquired by Joseph Steinberg trading as Steinberg Dress Shop.

The defendant commission made an assessment against the prosecutors for employers' contributions upon the theory that both corporations were subject employers under the statute, *N. J. S. A.* 43:21-19(h). Subdivision (h) (1) of this section defines an employer as an employing unit which "has or had in employment, eight or more individuals * * *." Subdivision (h) (4) of the same section provides that any employing unit which with one or more others is owned or controlled by the same interests "and which, if treated as a single unit with such other employing unit or interests, would be an employer under paragraph (1) of this subsection." This section is called the "affiliate clause." Its purpose is to prevent employing units splitting up into parts each employing

less than eight individual employes so as to escape assessments for employers' contributions into the fund created by the statute from which to pay unemployment compensation. We think that these corporations were affiliated as contemplated by this provision of the statute and that the Commission rightly treated them as a single employing unit.

The question for determination is whether or not the prosecutor corporations, owned by the same interests, and which if treated as a single employing unit, is an employer subject to the statute employing eight or more individuals actually employed.

As both these corporations were organized many years before the enactment of the statute and were conducted as separate and distinct corporate entities it is clear that they could not have been organized for the purpose of avoiding the statute.

Treating these corporations as a single employing unit we conclude that there were not eight or more individuals employed. To count the employes the total number of employes must be ascertained as though there was but one corporation and one employing unit. In doing that the same individuals being employed or officers of both corporations can no more be counted twice than if they were engaged in different departments of an employing unit. In order to find eight or more employes it would be necessary to treat officers serving without pay and performing merely nominal functions as employes and to count them twice, once for each corporation. We do not think that to have been the intention of the legislature.

Similar statutes in South Carolina and New Hampshire have been construed in accordance with these views. *Jack Ulmer, Inc.,* v. *Daniel,* 7 *S. E. Rep. (2d)* 829; *Davie* v. *J. C. Mandelson Co.,* 11 *Atl. Rep. (2d)* 830.

The determination and findings under review are reversed.