TAYLOR-GRAVES, INC. v. JOHN J. EGAN, UNEMPLOYMENT COMPENSATION ADMINISTRATOR

SUPERIOR COURT       MIDDLESEX COUNTY       FILE No. 9788

Memorandum filed February 13, 1948.

*Charles Suisman,* of New London, for the Plaintiff.

*William L. Hadden,* Attorney General; by *Harry Silverstone,* Assistant Attorney General, for the Defendant.

INGLIS, J. This is an appeal from an assessment made by the defendant of additional employee's contribution under the Unemployment Compensation Act.

The plaintiff, a Delaware corporation, as of July 1, 1945, took over the business of Taylor-Graves, Incorporated, a Connecticut corporation, and for the remainder of the calendar year 1945 carried on as the successor of the Connecticut corporation with exactly the same personnel and with exactly the same parties in interest. The ground of this appeal is that in making assessments of contributions against the plaintiff for the last two quarters of 1945 the Administrator did not exclude from wages upon which the assessment was made "that part of the remuneration paid by the Plaintiff's predecessor corporation . . . to individuals in excess of $3000 in the calendar year 1943."

The Unemployment Compensation Act provides (General Statutes, Sup. 1941, § 709f) as follows: "Definitions. 'Wages' shall mean all remuneration for employment . . . ; except that such term shall not include: (1) . . . that part of the remuneration which, after remuneration equal to three thousand dollars has been paid to an individual by an employer with respect to employment during any calendar year, is paid to such individual by such employer with respect to employment during such calendar year; . . . ."

The claim of the plaintiff is that in reality the two corporations which during 1945 carried on the business with the Delaware corporation as successor to the Connecticut corporation should be treated as one employer, and that therefore after the Connecticut corporation or both corporations together had paid wages to any given employee which totaled $3000, the balance paid to that employee during the balance of the calendar year would not be wages upon which assessments could be made. The question in the case therefore turns upon the interpretation of the word "employer" as it is used in the section quoted.

The word "employer" is not expressly defined anywhere in the act. Accordingly, whether as it is used in the section in question it connotes a single person, on the one hand, or a business unit, on the other, must be gleaned from the tenor of the act as a whole. *Waterbury Savings Bank* v. *Danaher,* 128

Conn. 78, 81. It is necessary to look beyond the literal meaning of the words to the language of the act in all of its parts. *Chambers* v. *Lowe*, 117 Conn. 624, 626. When we do so we find that at least three other provisions of the act tend strongly to indicate that the legislature intended the word "employer" to mean a business unit. From these three sections it appears that the spirit of the act is to treat successive operators of the same business as one single employer.

The first of those sections is § 710f. That section has to do with the specification of what employers must pay in contributions and when their liability for contributions shall commence. Under the provisions of subsection (3), an employer ordinarily does not become subject to pay contributions until the end of twenty weeks after he starts to employ five or more persons; but under subsection (2) an employer "who acquires substantially all of the assets, organization, trade or business of another employer who at the time of such acquisition was subject to this chapter shall immediately become subject to this chapter." In other words, the successor to a business steps into the shoes of his predecessor immediately so far as liability for contributions is concerned. The theory obviously is that the business unit is to be treated as the single continuing employer.

Another indication of the spirit of the act is to be found in subsection (4) of said § 710f. That subsection provides that "In determining whether an employer in question shall be considered for the purposes of this section, as having had a particular number of employees in his employment at a given time, there shall be counted, in addition to his own employees, if any, (a) the employees of each employer whose business was at the given time owned or controlled, directly or indirectly, by the same interests which owned or controlled the business of the employer in question, and (b) the employees of each employer substantially all of whose assets, organization, trade or business has, after the given time but during the same calendar year, been acquired by the employer in question." This clearly indicates that it is the purpose of the act to look through the form to the substance of the employer-employee relationship. Liability for contributions under the act is to be determined on the basis of who in reality is the employer, not who in theory appears to be. *New Haven Metal & Heating Supply Co.* v. *Danaher*, 128 Conn. 213.

In the third place, the provisions of § 714f with reference to "merit rating" offer a further indication of the spirit of the act with reference to successive employers. It reads, in part, as follows: "At the writen request of any two or more employers, their merit-rating accounts may be mingled as if they constituted a single employer, subject to such regulations as the administrator may make . . . The executors, administrators, successors or assigns of any former employer may, in like manner and on the same conditions, request the mingling of the merit-rating account of such former employer with the merit-rating account of one or more other active employers." Under this section it has become the usual practice for a successor corporation taking over the business of his predecessor to tark the experience of his predecessor to his own in order to establish his merit rating. Still further, the regulations (Regulation 20) promulgated by the administrator pursuant to this section, which regulations of course have the force of law, provide: "Any employer not previously subject to the law who becomes subject to the law by reason of acquiring substantially all of the assets, organization trade or business of a covered employer after March 31, 1941, may, after written application and upon approval by the Administrator, succeed *to the contribution rate* and to the experience of the predecessor employer." (Italics aded). Again it is apparent that it is the spirit of the act to at least permit a successor employer to treat his predecessor as a single unit with himself.

Moreover, it is the purpose of the act to build up a fund to be used to diminish the hazard of unemployment. With particular reference to the problem involved in this case, it is obvious that the hazard of unemployment to any individual employee is not increased by a successor concern taking over the business of a predecessor. If therefore an assessment on wages only up to $3000 is adequate to protect against the hazard of unemployment to an employer of any given business unit for a whole year, it is equally adequate to protect against that hazard whether during the year the persons operating that business unit change or not.

As suggested above, the word "employer" as it is used in § 709f might be interpreted to mean the individual person who employs another or it might mean the economic or business unit which keeps a person in its employ. If it means the economic

or business unit, the further question arises as to what constitutes a business unit. That is, is it sufficient where one corporation takes over the business theretofore operated by another corporation, or must there be the added element that the successor corporation is owned by the same interests? In this case it is not necessary to decide this latter question because it is alleged and not denied that Taylor-Graves, Inc., the Delaware corporation, is owned by the same interests as was the Connecticut corporation of the same name. It is fair to assume that the Delaware corporation was a reorganization of the Connecticut corporation. Accordingly, except for the fact that the legal entities which operated the business before and after July 1, 1945, were, in the eyes of the law, distinct persons, the business was the same business after that date as it was before. The business after July 1 was a continuation of the business as it was before July 1. The business during the whole calendar year was an economic unit.

Such an economic unit may well be considered the employer under § 709f. So far as authorities on the subject from other jurisdictions go, they are meager. The statutes in New York and Ohio expressly provide that, so far as the $3000 wage limitation is concerned, any successor employer shall be treated as a single employer with his predecessor. The only case decided by a court of last resort under a statute comparable with ours apparently is *American Screw Products Co.* v. *Unemployment Compensation Commission,* 311 Mich. 440. That case holds that the words "employing unit," in the section of the Michigan act excluding from the application of the act remuneration in excess of $3000 paid to an individual by an employing unit within a calendar year, refer to unity of enterprise and not to unity of ownership or management. See also *Karlson* v. *Murphy,* 387 Ill. 436, cited in the *American Screw Products Co.* case, which, however, may be distinguishable on the basis of differences in the statutes. Two cases decided in the superior court for the county of San Francisco in California are to the same effect. They are *California Employment Commission* v. *Ransohoff's, Inc.,* decided March 10, 1944, and *Barrett* v. *California Employment Commission,* both found in 2 C C H Unemployment Ins. Serv., paragraph 1200, page 8019, decided December 26, 1945. In all three of these cases the actual owners of the successor entity were the same persons as those of the predecessor.

Accordingly, so far as authority is concerned, it is uniform that at least where the real owners of a business remain the same, even though there has been a change in the formal ownership of the business during a calendar year, the business or enterprise is considered a single unit and that unit is the employer, so that, after the unit has paid contributions on the wages of any one employee up to $3000, there is no further liability for contributions on that employee's additional wages.

In the light of these authorities, but more particularly in the light of the spirit of the act as a whole, it appears clear that the legislative intent in § 709f was to treat the business under such conditions as those involved in this case as a single unit. That single economic unit is the employer which continued as such during the entire year. It follows that after the business as a unit had paid any one employee wages amounting to $3000 and had paid contributions on those wages, there is no further liability for contributions on account of any additional wages paid to the employee by the business unit during the same year.

It is therefore concluded that the assessments appealed from were unlawfully laid.

Judgment may enter sustaining the appeal and setting aside the assessment of contributions in question.