16298

STATE v. GERMANY

(57 S. E. (2d) 165)

*Messrs. J. A. Hutto* and *F. Ehrlich Thomson,* of Columbia, *for Appellant,*

*Messrs. John M. Daniel, Attorney General, R. Hoke Robinson and James S. Verner, Assistant Attorneys General,* of Columbia, *for Respondent,*

December 27, 1949.

OXNER, Justice.

This is an appeal from an order discharging a writ of habeas corpus and remanding appellant to the custody of the officials of the South Carolina State Penitentiary. The question is whether a sentence imposed upon him for escaping from the Richland County chain gang is in excess of the maximum allowed by law.

On January 15, 1948, appellant was convicted in the Court of General Sessions for Richland County of the crime of assault and battery of a high and aggravated nature and was sentenced by the presiding judge, Honorable J. Henry Johnson, to "be confined at hard labor upon the public works of Richland County for a term of five (5) years, or for a like term in the State Penitentiary; provided that upon the service of nine (9) months, the balance of the aforesaid sentence be and the same is hereby suspended and that the said defendant is hereby placed on probation for a period of five (5) years, * * *".

Appellant commenced the service of the unsuspended portion of his sentence on June 14, 1948. On August 11, 1948, he escaped from the Richland County chain gang and voluntairly returned the following day. At the September, 1948, term of the Court of General Sessions for Richland County, he was tried and convicted of (1) escaping from prison, and (2) using an automobile without the owner's consent. The presiding judge, Honorable J. Robert Martin, Jr., imposed a sentence of eighteen months on the first count (escaping from prison) and six months on the second count, and directed that the two sentences should run concurrently. There was no appeal from these sentences.

On June 15, 1949, appellant filed a petition for a writ of habeas corpus in which he asserted that he was unlawfully detained in the State Penitentiary and asked that he be immediately released upon the ground that the sentence of

eighteen months imposed by Judge Martin for escaping from prison exceeded the maximum punishment which could have been imposed under the facts presented. In the event the above relief was denied, he asked that the sentenc of eighteen months be reduced to nine months. A return was duly filed by the Attorney General in behalf of the Superintendent of the State Penitentiary. The matter was heard by Honorable G. Duncan Bellinger, Resident Judge of the Fifth Circuit, who held that the sentence of eighteen months was valid and dismissed the petition.

The sentence claimed to be invalid was imposed under Act No. 147 of the 1947 acts of the General Assembly, 45 St. at L. 193, which is as follows: "It shall be unlawful for any person, being lawfully confined in any prison or upon the public works of any county, or while in the custody of any superintendent, guard or officer, to escape therefrom, and any person so doing shall be guilty of a misdemeanor and punished by a sentence within the discretion of the Court and not to exceed two years' imprisonment. Provided, However, that where the original sentence was one year or less, the sentence to be imposed in addition to any remaining un-served portion of the original sentence shall not be longer than the original sentence."

The sole question for determination is what was appellant's "original sentence" within the meaning of the foregoing statute. He contends that it was nine months, the unsuspended portion of the sentence imposed by Judge Johnson. Respondent asserts that appellant's "original sentence" was five years. If so, the sentence imposed by Judge Martin was within the maximum prescribed by the statute. In a well considered order, Judge Bellinger reached the following conclusion: "I am convinced that the words 'original sentence' in the escape law mean the whole of a sentence, including the unsuspended portion thereof, and that the 'original sentence' of petitioner (appellant) was five years." We are in accord with this conclusion.

Section 1038-1 of the 1942 Code, which is the first section of the South Carolina Probation and Parole Act, is as follows: "After conviction or plea for any offense, except a crime punishable by death or life imprisonment, the judge of any court of record with criminal jurisdiction at the time of sentence may suspend the imposition or the execution of a sentence and place the defendant on probation or may impose a fine and also place the defendant in probation." In construing this Act, it was held in *Moore v. Patterson,* 203 S. C. 90, 26 S. E. (2d) 319, 147 A. L. R. 653, that in imposing a sentence of imprisonment on the chain gang or in the State Penitentiary, the Court may provide for its suspension and the release of the defendant on probation after service of a portion of the sentence. The provision in the sentence imposed by Judge Johnson that appellant be released on probation after service of nine months was, therefore, valid.

In *Thompson v. Patterson, Supervisor,* 201 S. C. 221, 22 S. E. (2d) 590, 591, the Court was called upon to construe a statute which directed that a certain part of any sentence be "deducted at the end thereof for good behavior." Code 1942, § 1578. The defendant in that case was sentenced to imprisonment for a term of one year but it was provided that upon the service of six months, the remainder of the sentence should be suspended during good behavior. In seeking to be released on a writ of habeas corpus after serving a portion of the sentence, the defendant contended that she was entitled to be released upon the service of six months less the time allowed by the statute for good behavior. In rejecting this contention and holding that the defendant was required to serve the entire six months provided in the sentence without any deduction for good behavior, the Court said: "Mary Thompson (defendant) was sentenced for a period of twelve months, and although only six months were necessarily to be served, the balance being suspended on good behavior, the end of the sentence is not when the six months are served, but at such time that the sentence in its entirety

is satisfied." The Court thus recognized that the sentence imposed upon the defendant was not six months, the period required to be served, but was for one year. This decision was followed in *Nichols v. Patterson, Acting Supervisor,* 202 S. C. 533, 25 S. E. (2d) 745. It is true that the effect of these decisions was changed under Act No. 80 of the 1947 Acts of the General Assembly, 45 St. at L. 105, by expressly authorizing the deduction for good behavior to be made from the unsuspended portion of a sentence, but this has no bearing on the construction of a suspended sentence which the Court adopted in the decisions above mentioned.

In *Archer v. Snook, Warden,* D. C., 10 F. (2d) 567, 568, the Court in construing a sentence of imprisonment in the penitentiary for a term of two years with a provision that the defendant was to be released on probation after serving six months, said: "The sentence is one for 2 years' imprisonment in the penitentiary, and not one for 6 months only. The prisoner was properly received in the penitentiary as one whose sentence exceeds a year. The expressed intent that only 6 months of it should be presently served does not change the character of the sentences." In *Cooper et al. v. U. S.,* 5 Cir., 91 F. (2d) 195, 199, the Court pointed out that probation is not a pardon, either absolute or conditional, but "is an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline." Also see *Crooks v. Sanders, Superintendent,* 123 S. C. 28, 115 S. E. 760, 28 A. L. R. 940.

It seems clear that the suspended portion is an inseparable part of appellant's sentence and that his sentence was for a term of five years. The fact that he was placed on probation after the service of nine months came "as an act of grace." *Berman v. U. S.,* 302 U. S. 211, 58 S. Ct. 164, 166, 82 L. Ed. 204.

If, as appellant contends, his original sentence within the meaning of the statute under consideration represents only that portion which he was "required to serve in prison",

how could it have been determined with certainty at the time he was sentenced by Judge Martin in September, 1948 what length of time he would be required to serve in prison? The period of probation then had about four years to run and was subject to revocation at any time upon failure to perform the conditions imposed. During the probationary period he was under the supervision and control of the court, a system of tutelage designed for his reformation.

In reaching the foregoing conclusion, we have not ■ been unmindful of the principle that a criminal stat- ute must be strictly construed against the State and any doubt must be resolved in favor of the defendant, but here the statute is clear and unambiguous. The adoption of appellant's contention would have the effect of amending the statute. If this is desirable, it must be done by the General Assembly.

The order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES and TAYLOR, JJ., concur.