New Haven Market Exchange, Inc. *v.*
Administrator, Unemployment Compensation Act

Superior Court  New Haven County  File No. 76187

Memorandum filed June 16, 1952.

*James F. Rosen,* of New Haven, for the Plaintiff.

*George C. Conway,* Attorney General, and *Harry Silverstone,* Assistant Attorney General, of Hartford, for the Defendant.

COMLEY, J.  This is an appeal from the assessment against the plaintiff of unemployment compensation contributions from the third quarter of 1945 to the third quarter of 1951 at the rate of 2.7 per cent.

The first question is whether the plaintiff and Pepe-Maisano Company, Inc., another employer admittedly subject to contributions, fall within the following provisions of General Statutes, § 7496 (4): "In determining whether an employer in question shall be considered, for the purposes of this section, as having had a particular number of employees in his employment at a given time, there shall be counted, in addition to his own employees, if any, (a) the employees of each employer whose business was at the given time owned or controlled, directly or indirectly, by the same interests which owned or controlled the business of the employer in question . . . ."

The Pepe-Maisano Company, Inc., is a large wholesale dealer in food products and is wholly owned and controlled by Donato and Louis Maisano. In 1930 there was a movement among the farmers and produce dealers in the New Haven area to organize a co-operative market exchange. The plaintiff corporation was organized and Donato and Louis Maisano conveyed to it a large tract of land on Hill Street in New Haven. Other adjacent land has since been acquired until, at the present time, the tract is about 300 feet square with wholesale stores around the street sides and with the area in the center oc-

cupied by farmers in stalls used by them for the display and sale of produce. The plaintiff collects the rentals from these stores and stalls.

It is a fair inference from the evidence that the original plan for co-operative ownership of the plaintiff by a large number of farmers has not materialized. After some reorganization, which was completed before 1945, the two Maisano brothers owned, and still own, 12,056 shares of capital stock of the total issued number of 13,100. The balance of 1044 shares is distributed in small amounts largely among the farmers.

The plaintiff has three employees; D. A. Devito is the general manager. It is his duty to gather information about marketing problems and to assist the tenants in their work. He also supervises the renting of space and the collection of rents. He is assisted by an office clerk or bookkeeper and there is a caretaker who has charge of maintaining order in the rented area.

The board of directors consists of Devito, who owns twenty-five shares of the capital stock, a Mr. Santella, who is a newspaper publisher and who owns fifty shares, and Donato and Louis Maisano. Donato is president and Louis is treasurer of the corporation. Devito is secretary. In addition to their capital stock, the Maisano brothers hold a trust mortgage for $100,000 upon all the assets of the corporation to secure indebtedness to them. All checks are signed by Devito and either Donato or Louis Maisano. Whenever any problem arises beyond the daily routine business of the corporation, Devito consults either Donato or Louis Maisano or both.

In view of the remedial purpose of the statute and in the light of the liberal construction which is to be placed upon it, there can be no doubt that the plaintiff is "owned or controlled, directly or indirectly, by

the same interests" which own or control the business of Pepe-Maisano Company, Inc. See *Feldman* v. *Administrator,* 138 Conn. 724; *New Haven Metal & Heating Supply Co.* v. *Danaher,* 128 Conn. 213. It follows that the plaintiff is subject to assessment for contributions to the fund.

The plaintiff makes the further claim that, even if it is subject to assessment, it is entitled to a more favorable rate of contribution than the 2.7 per cent adopted by the defendant. A similar contention was made in the recent case of *W. F. Gilbert Koal Co., Inc.* v. *Egan,* Superior Court, New Haven County, No. 75832. For the reasons advanced by Judge Murphy in his memorandum of decision in that case, the claim is overruled.

The appeal is dismissed and the assessment is confirmed.