16861

STATE *EX REL.* CALLISON, ATTY. GEN., v. NATIONAL LINEN SERVICE CORP. *ET AL.*

(81 S. E. (2d) 342)

*Messrs. Nash & Wilson,* and *Frank A. McLeod, Solicitor,* of Sumter, *for Appellant,* 

*Messrs. Lee & Moise,* of Sumter, *for Respondents,* ██

April 15, 1954.

TAYLOR, Justice.

This is an appeal from an action brought in the name of the State of South Carolina against the National Linen

Service Corporation operating Charleston Linen Service and one F. R. Wohnig in the Common Pleas Court of Sumter County.

The Complaint alleges that the Defendants entered into a trust or combination, contract, scheme or arrangement with the object of putting one Sydney Kline out of business in violation of Section 66-51 Code of Laws for 1952. Demurrer was interposed by Respondents and it is admitted for this purpose that the Defendant, Wohnig, and other named persons were agents of and acting for the National Linen Service Corporation. The Demurrer was sustained by Judge Brailsford and the appeal from his Order presents the sole question of whether or not employees of the corporation acting in their individual capacity can conspire with each other and their employer corporation to destroy competition in such a manner as to come within the provisions of Section 66-51 of the 1952 Code; the pertinent portion of which appears as follows:

"All arrangements, contracts, agreements, trusts or combinations * * * (c) between two or more persons as individuals, firms, corporations, syndicates or associations that may lessen or affect in any manner the full and free competition in any tariff, rates, tolls, premium or prices in any branch of trade, business or commerce are declared to be against public policy, unlawful and void."

The trial Judge held in sustaining the Demurrer that the above quoted section of the Code did not apply to individual employees of corporations acting with such employer corporations, and that such employee or employees could not be counted to make up the second party to such scheme or arrangement and with this finding we are in accord.

The prime rule requires strict construction of a statutory provision which would work a forfeiture or inflict a penalty. *Independence Ins. Co. v. Independent Life & Acc. Ins. Co.,* a Florida Corporation, 218 S. C. 22, 61 S. E. (2d) 399; 30 S. E. Dig. Statutes, 241 p. 881. And

if there be any doubt in the construction of the criminal statute, such doubt must be resolved in favor of the Defendant, *State v. Germany,* 216 S. C. 182, 57 S. E. (2d) 165, and penal statutes must be strictly construed and one who seeks to recover a penalty for failure of another to discharge some duty imposed by law must bring the case clearly within the language and meaning of the statute awarding the penalty. *State ex rel. Moody v. Stem,* 213 S. C. 465, 50 S. E. (2d) 175.

A corporation can act as such only through its agents and employees. To hold that such agents, employees or servants in endeavoring to promote the corporation's business could be counted would be holding that a corporation could conspire with itself and open every corporation to charges similar to those in this case when the officers, agents and servants discussed and formulated plans to further the corporate business and meet competition by reducing prices or other methods.

The following quote from the Order appealed from is quite persuasive:

"If the Legislature had intended this result (as contended by Appellant) is is difficult to believe that the words 'firms, corporations, syndicates or associations' would have been modified by the words 'two or more.' As a practical matter, the construction contended for would limit the applicability of the words 'two or more' to 'persons as individuals.' This would be to assume that the Legislature meant one, when it plainly said 'two or more.' "

Appellant cites as authority for its position the case of *Ford v. Chicago Milk Shippers' Ass'n,* 155 Ill. 166, 39 N. E. 651, 27 L. R. A. 298. However, the holdings of the Court in that case are not applicable to the facts here for the reason that the corporation there was formulated for an illegal purpose. They also cite the Tennessee case of *Standard Oil Co. v. State of Tennessee,* 117 Tenn. 618, 100 S. W. 705, 10 L. R. A., N. S., 1015, this being the only case cited

wherein it is held that a corporation can conspire with its agents, servants etc.; however, the statute in Tennessee carries a special provision to this effect while no such provision exists in the statutes of this State; and the holding in *Paramount Pictures, Inc. v. United Motion Picture Theatre Owners,* 3 Cir., 93 F. (2d) 714, (also cited by Appellant) is in nowise antagonistic to what we have said heretofore.

We are of the opinion that the Order appealed from should be affirmed and It Is So Ordered.

STUKES and OXNER, JJ., and G. BADGER BAKER, Acting Associate Justice, concur.

BAKER, C. J., not participating.