Patricia A. NAPPIER, Plaintiff,

v.

JEFFERSON STANDARD LIFE INSUR-ANCE COMPANY and Jefferson Standard Broadcasting Company, a subsidiary of Jefferson Standard Life Insurance Company, Defendants.

S. Maxine GUNTER, Plaintiff,

v.

JEFFERSON STANDARD LIFE INSUR-ANCE COMPANY and Jefferson Standard Broadcasting Company, a subsidiary of Jefferson Standard Life Insurance Company, Defendants.

Civ. A. No. AC/911, AC/910.

United States District Court
E. D. South Carolina,
Florence Division.

Jan. 23, 1963.

Yancey A. McLeod, McLeod & Singletary, Harry M. Lightsey, Jr., Columbia, S. C., for plaintiffs.

P. H. McEachin, McEachin, Townsend & Zeigler, Florence, S. C., for defendants Jefferson Standard Life Insurance Co. and Jefferson Standard Broadcasting Co.

WYCHE, District Judge.

The above cases are before me upon motions of the defendants to dismiss upon the ground that the complaints do not allege a claim upon which relief can be granted.

The plaintiffs were in 1961, employed by the State of South Carolina as puppeteers, producing a show known as "Little Jack" which demonstrated health facts to the school children of the State. The plaintiffs were known throughout the State as "The Little Jack Girls" and traveled about the State in a station-wagon on the side of which was conspicuously inscribed "Little Jack, Dental Division, South Carolina State Department of Health". The defendants were and are owners and operators of Television Station WBTW in Florence, South Carolina. In November, 1961, the plaintiffs were the victims of an assault while on a trip to Kingstree, South Carolina, their attacker stealing the station-wagon described above to make his escape. On the following day the station-wagon was found abandoned in Florence, South Carolina. That night on both its 6:30 p. m. and 11:00 p. m. newscasts, the defendants broadcast pictures of the station-wagon on which the words "Little Jack, Dental Division, State Board of Health" together with the license number of the vehicle, were visible to the viewers of the television program. The announcer on these newscasts identified the station-wagon as the one being used by the two girls who had been raped in Kingstree.

Plaintiffs thereafter commenced these actions seeking damages for their mental anguish and suffering which had resulted from their alleged identification as the rape victims. These actions seek the recovery of damages because of the humiliation, mental pain, embarrassment and the subsequent inability of the plaintiffs to continue their work as the result of this television broadcast.

These actions are based upon the theory that the defendants have committed a tort through the violation of a South Carolina Statute (§ 16–81, Code of Laws of South Carolina, 1962), and violated the right of privacy of the plaintiffs. The defendants contend that the allegations of the complaints are not sufficient to state a cause of action under Section 16–81 and the common law of privacy in South Carolina, or under either of them, and that the complaints should be dismissed.

Section 16–81, Code of Laws of South Carolina, 1962, provides: "Misdemeanor to publish name of person raped, etc. Whoever publishes or causes to be published the name of any woman, maid or woman child upon whom the crime of rape or an assault with intent to ravish has been committed or alleged to have been committed in this State in any newspaper, magazine or other publication shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than one thousand dollars or imprisonment of not more than three years. But the provisions of this section shall not apply to publications made by order of court."

■ This statute is penal and must therefore be strictly construed in a civil as well as a criminal case. One who seeks relief thereunder must bring his case squarely within the provisions of the statute affording the penalty or relief. State v. Lewis, et al., 141 S.C. 207, 139 S.E. 386; Darlington Theatres, Inc. v. Coker, Sheriff, 190 S.C. 282, 2 S.E.2d 782; State ex rel. Moody v. Stem, et al., 213 S.C. 465, 50 S.E.2d 175; Independence Ins. Co. v. Independent Life & Acc. Ins. Co., 218 S.C. 22, 61 S.E.2d 399; State ex rel. v. Nat. Linen Service Corp., 225 S.C. 232, 81 S.E.2d 342.

Publication of *the name* "of any woman, maid or woman child upon whom the crime of rape or an assault with intent to ravish has been committed" constitutes a violation of this statute.

■ The word "name" as set forth in the statute is not ambiguous, does not bear two or more constructions, and is not of such doubtful or obscure meaning that reasonable minds may disagree as to its meaning. A person's "name" consists of one or more Christian or given names and one surname or family name. Therefore, when the word "name" as set forth in the statute is taken in its plain, ordinary and usual sense, it means that which is the given and family name of a woman.

■ The statute is effective for the purpose which is plainly expressed therein, namely, to prevent publication of *the name* of a victim of rape or assault as referred to therein. The scope of the statute, without construction of the word "name" to mean identification also, is more limited than it would be if the word "name" as set forth therein were construed and enlarged to mean identification. However, it is not my function to define the scope of an unambiguous word or statute, but to apply the plain wording of a statute as it is written, since the statute speaks for itself. I must adopt the plain meaning of a statute, however severe the consequences. Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242.

■ The plaintiffs allege in their complaints that they were known as "The Little Jack Girls", and contend that they have been named by the alleged publications of the defendants. Section 16-81 does not prohibit the publication of "stage names" or "assumed names" of the victims of an incident of rape or assault, it only prohibits publication of *the name*, which in plain, ordinary and usual terms means, as to these plaintiffs, the names of "Maxine Gunter" and "Patricia Nappier".

■ There is no allegation in the complaints that the "stage" or "assumed" names "The Little Jack Girls" were published. The plaintiffs simply allege that a station-wagon on which the words "Little Jack, Dental Division, State Board of Health" was shown, with the statement that the station-wagon was identified as being used by the two young women who had been ravished. The plaintiffs do not allege in their complaints that they have the "assumed" name of "Little Jack", which words they allege appeared on the side of the station-wagon.

It is my opinion that the defendants have not violated the South Carolina Statute, Section 16-81, Code of Laws of South Carolina, 1962.

■ It is also my opinion that the defendants have not identified the plaintiffs sufficiently in the allegations of the complaint to allege a cause of action for damages for the violation of their right of privacy.

It is, therefore, ORDERED, That the motion to dismiss in each of the above entitled cases be and the same is hereby GRANTED.