NELLIE NORTHAM *vs.* THE L. E. BUNNELL TRANSPORTATION COMPANY, INCORPORATED, ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued March 6th—decided April 3d, 1934.

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellants (defendants).

*Raymond J. Devlin,* for the appellee (plaintiff).

MALTBIE, C. J.   The plaintiff was awarded compensation under the Workmen's Compensation Act as a dependent of Frederic Northam.   The commissioner in his finding simply stated that, while the decedent was proceeding toward Waterbury with a truck owned by the defendant employer and operated by one of its drivers, he was instantly killed by falling under its wheels, and that the accident arose out of and in the course of the decedent's employment.   Under this scant finding it is impossible to review the correctness of the conclusion of the commissioner, and we reiterate that it is the duty of a commissioner to find the relevant subordinate facts upon which his conclusions are based, whenever he has reason to believe that a party

to the proceedings intends to attack those conclusions by appeal. *Sorrentino* v. *Cersosimo,* 103 Conn. 426, 428, 130 Atl. 672; *Senzamici* v. *Waterbury Castings Co.,* 115 Conn. 446, 450, 161 Atl. 860. In the case before us, it must have been evident to the commissioner, at least when the motion to correct his finding was filed, that a finding as to the circumstances of the accident would be necessary to present the questions which the defendants desired to raise upon the appeal, and he should have then, if not before, made a finding as to those circumstances.

The defendants have sought to import into the record by a correction of the finding many facts as to the conduct of the decedent before the accident, in order to claim that his death was the result of skylarking and drinking in which he had been engaged while riding upon the truck previous to the accident, and of serious and wilful misconduct on his part, and that at the time of the accident he was not upon his employer's business but was engaged upon an enterprise of his own. As to most of these claimed corrections the evidence was conflicting and the most we can do is to amplify somewhat the correction made by the trial court, to add that the decedent was accompanying the truck as a helper, that he had been riding upon it, that he got off the truck and started to walk, and that shortly thereafter in some manner he was run over by it and killed. There was evidence upon which, had he credited it, the commissioner might have found that the decedent had been engaged in skylarking of a dangerous nature previous to getting off the truck, but even if he had found this fact it could not be held to have been a substantial factor in bringing about the accident. There was undisputed evidence that, a little before the accident, the decedent said that the truck was going too slowly for him and that he would get

out and walk and meet it at the top of the hill. This evidence falls far short of requiring the finding sought to be added that the decedent had so departed from the course of his employment as to be engaged, not upon his master's business, but upon an enterprise of his own.

There is no error.

In this opinion the other judges concurred.