CLYDE FARMER, EMPLOYEE, v. BEMIS LUMBER COMPANY, EMPLOYER, AND CONSOLIDATED UNDERWRITERS, CARRIER.

(Filed 28 February, 1940.)

1. **Master and Servant § 39b—Cause remanded for findings necessary to determination, as question of law, whether plaintiff was employed by independent contractor.**

In this cause, defendants denied liability under the Workman's Compensation Act on the ground that defendant employer let the work by independent contract and that the contractor subcontracted the work by independent contract to the partners who employed the employee who was injured. The proceeding is remanded for definite findings of fact, independent of conclusions of law, as to whether the respective parties entered into the contracts set out in the exhibits and, if so, the facts with respect to the relationship between the parties and the further fact as to who was the actual employer of plaintiff, in order that it may be determined as a conclusion of law whether claimant was an employee of the defendant within the meaning of the Compensation Act.

**2. Master and Servant § 55g—**

When the findings of the Industrial Commission are insufficient for a proper determination of the questions involved, the proceeding will be remanded to the Industrial Commission for additional findings.

**3. Master and Servant § 52c—**

The Industrial Commission should make specific and separate findings of fact and conclusions of law upon those facts even though the matter presented be a mixed question of law and of fact.

APPEAL by defendants from *Hamilton, Special Judge,* at September Term, 1939, of GRAHAM.

Proceeding under the North Carolina Workmen's Compensation Act to determine liability of defendants to claimant.

Plaintiff contends that on 15 June, 1937, while working for defendant Bemis Lumber Company, a corporation, cutting timber and peeling bark, he was injured by accident arising out of and in the course of his employment, resulting in disability.

Defendants deny liability therefor for that they contend plaintiff was in the employment of McKenzie and Evans, independent contractors under contract with A. B. Anderson, who was independent contractor under contract with Bemis Lumber Company.

After hearing evidence offered by the respective parties, the hearing Commissioner "finds the facts in relation thereto" in the main as follows:

(1) The Bemis Lumber Company, a corporation engaged in the lumber business, having contracted to cut, log and bark all the hemlock timber on the Snowbird boundary of and for the Champion Fibre Company, in Graham County, "offers in evidence a contract purporting to show that A. B. Anderson was an independent contractor for the Bemis Lumber Company, and as such had exclusive control over the logging activities on Snowbird; that Bemis Lumber Company carries compensation insurance . . . and . . . had the policy endorsed so as to cover the employees of A. B. Anderson, who the defendants contend was doing the job as an independent contractor under the terms of the contract set out in the record as defendants' Exhibit B, and in turn the independent contractor, under Exhibit B, attempted to re-contract work to McKenzie and Evans, two more independent contractors under the alleged independent contract agreement referred to in the record as defendant's Exhibit A, and the plaintiff was working under the supervision of McKenzie and Evans at the time of the alleged injury; . . . that plaintiff, along with other employees that were working for McKenzie and Evans, were paid their weekly wages by checks issued directly from the defendant, Bemis Lumber Company; . . . that during all of the period of this time the said A. B. Anderson was not only an alleged independent contractor for the Bemis Lumber Company, but was

a paid superintendent and was on the pay roll of the Bemis Lumber
Company as a superintendent, which, to say the least, is a most unusual
situation that an individual could operate in such a dual capacity;
. . . that plaintiff in this case, together with all other employees that
worked for McKenzie and Evans and the employees that worked for
A. B. Anderson all boarded at a camp known as the 'Bemis Lumber
Company camp' that was supervised by Anderson; . . . that neither
Anderson nor McKenzie and Evans were independent contractors but
they, themselves, in truth and fact, were employees of the Bemis Lum-
ber Company, acting in supervisory and foremanship capacity, and that
plaintiff at the time of the alleged injury, on 15 June, 1937, was not
an employee of either Anderson nor McKenzie and Evans, but in truth,
fact and law, was an employee of the Bemis Lumber Company, and it is
of striking interest to note that the work to be done under the original
contract of the Bemis Lumber Company with the Champion Fibre Com-
pany filtered down the line by the provisions of the purported independ-
ent contracts until it reached the point where the work was actually done
by thirteen so-called independent contractors, none of whom carrying
compensation insurance and all of them keeping their employees to 14
or less, which leads the Commissioner to the opinion that the whole plan
is a scheme to avoid responsibility under the Workmen's Compensation
Law."

(2) That on 15 June, 1937, "while working for defendant Bemis
Lumber Company as heretofore found" the claimant received an injury
by accident arising out of and in the course of his employment, as result
of which he was disabled for a specified period.

Upon appeal thereto by defendants from award of compensation to
claimants, the Industrial Commission, after making certain findings of
fact without respect to disability of claimant, affirmed in all other re-
spects the findings of fact, conclusion of law and the award of the hear-
ing Commissioner, all of which was affirmed by judgment on appeal to
Superior Court. Defendants appeal therefrom to Supreme Court, and
assign error.

*Ralph Moody and Mallonee & Mallonee for plaintiff, appellee.*
*R. L. Phillips for defendants, appellants.*

WINBORNE, J. Careful consideration of the record on this appeal
shows insufficient findings of fact for a determination of questions pre-
sented for decision.

The controversy between the parties raises these factual questions with
respect to which the Industrial Commission should make specific findings
of fact, independent of conclusions of law:

(1) Did Bemis Lumber Company and A. B. Anderson enter into the alleged written contract referred to as Exhibit B?

(2) If so, what are the facts with respect to the relationship of the contracting parties, and with regard to the performance of the contract?

(3) Did A. B. Anderson and McKenzie and Evans, partners, enter into the alleged written contract referred to as Exhibit A?

(4) If so, what are the facts with respect to the relationship of the contracting parties, as between themselves and with Bemis Lumber Company, and further with regard to the performance of the contract as between them?

(5) By whom was plaintiff actually employed, and for whom was he working at the time of his injury?

Upon findings of fact by the Industrial Commission with reference to the first four questions, when supported by sufficient competent evidence, there will arise questions of law as to whether both A. B. Anderson and McKenzie and Evans, respectively, or either of them, were independent contractors. The legal conclusion thereon, with the facts found in reference to the fifth question, will present the question of law: Was plaintiff in the employment of the Bemis Lumber Company within the meaning of the North Carolina Workmen's Compensation Act at the time of his injury?

When findings of fact are insufficient for proper determination of questions raised, the proceeding will be remanded to the Industrial Commission for further consideration in accordance with orderly practice.

The record on this appeal leads us to say that as basis for an award in proceedings under the North Carolina Workmen's Compensation Act, the findings of fact and the conclusions of law upon those facts should be specifically and separately stated to the end that courts in appellate capacity may properly review the questions of law involved. This practice should be followed even though the matter presented be a mixed question of law and of fact.

Remanded.