THERESA E. FINOIA *v.* WINCHESTER REPEATING ARMS COMPANY.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 7—decided November 4, 1943.

*Harrison D. Schofield,* for the defendant.

*Alexander Winnick,* for the plaintiff.

DICKENSON, J. The plaintiff, a young married woman twenty-two years of age, sustained an injury while in the employ of the defendant which resulted in a scar six inches long running from a point three and one-half inches above the wrist to a point one and one-half inches below the elbow. The compensation commissioner found that the scar constituted a serious and permanent disfigurement and held that it was compensable as a disfigurement of a hand within the meaning of "hands" as used in General Statutes, Cum.

Sup. 1939, § 1328e. The defendant appealed from the award to the Superior Court which reserved the question for this court. The sole question before us is whether the word "hands" is to be given its common definition or a broader meaning suggested by its use in another portion of the statute.

Anatomically the hand includes the wrist, although in popular usage the wrist is often excluded. The forearm is defined to be that part of the forelimb between the elbow and the wrist. Webster's New International Dictionary; *Ford Motor Co.* v. *Farmer,* 146 Okla. 9, 10, 293 Pac. 191. Section 1328e, a substitute for General Statutes, § 5237, with an amendment added providing for compensation for disfigurement, contains the following provisions: "With respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be half of the average weekly earnings of the injured employee, but in no case more than twenty-five dollars or less than seven dollars weekly: (a) For the loss of one arm at or above the elbow, or the complete and permanent loss of use of one arm . . . ; (b) for the loss of one hand at or above the wrist, or the complete and permanent loss of the use of one hand . . .; (c) for the loss of one leg at or above the knee, or the complete and permanent loss of the use of one leg . . .; (d) for the loss of one foot at or above the ankle, or the complete and permanent loss of the use of one foot. . . ." Similar provisions, (e) to (k), are made for the loss or loss of the use of other portions of the body. There is no question that, so far as the loss or loss of the use of the "hand" is concerned in the statute, "hand" extends to but does not include the elbow joint.

The statute, however, uses the word "member" a

number of times and defines it as including all portions of the human body referred to in subsections (a) to (k) inclusive. The significance of this lies in the use of "member" in the provision relating to compensation for disfigurement. This provision, as has been noted, was added to the original statute, which contemplated only loss or loss of use of the member. It reads in part as follows: "In addition to compensation . . . for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just, equal to one-half of the average weekly earnings of the injured employee, but in no case more than twenty-five dollars or less than seven dollars weekly, for any serious and permanent disfigurement of the face, neck, head or hands, up to one hundred and four weeks, but no compensation shall be awarded where such disfigurement was caused solely by the loss of or the loss of use of a member of the body for which compensation payments are provided by the terms of subsections (a) to (k), inclusive." The face, neck, head and hands are nowhere designated as "members." On the contrary they are treated as falling within a separate class for the purpose of affording compensation for a different type of injury.

The purpose of the legislature clearly was to provide for compensation for disfigurement of certain portions of the body which are ordinarily exposed, a purpose which sharply differentiates the provision we are considering from those which deal with the loss or loss of use of a member, and makes inapplicable here the treatment of the word "hand" adopted in them. The words of a statute are to be interpreted in their natural and usual meaning unless that would result in the defeat of a legislative intent which becomes evident when the statute is read in the light of

its history and purpose. *Old Saybrook* v. *Public Utilities Commission*, 100 Conn. 322, 328, 124 Atl. 33. There are here no circumstances which justify us in giving to the word "hands" in the provision of the statute before us any other than its usual and ordinary meaning. Our interpretation of the statute finds support in a later act amending it. In General Statutes, Sup. 1943, § 698g, the word "forearms" was added. While it may be argued that this is evidence of an intent on the part of the legislature to include forearms in the original definition of hands in § 1328e, if so it is a recognition of its failure properly to express that intent. ". . . the question before a court is never what did the legislature actually intend . . . but what intention has it expressed." *Lee Bros. Furniture Co.* v. *Cram*, 63 Conn. 433, 438, 28 Atl. 540; *Bongialatte* v. *Lines Co.*, 97 Conn. 548, 553, 117 Atl. 696. The more reasonable inference is that the inclusion of both "hands" and "forearms" in the 1943 statute indicates that "hands" was not regarded as including forearms.

The Superior Court is advised that the word "hands," as used in § 1328e in connection with disfigurement, is used in its common anatomical sense and includes the wrist but not the forearm.

In this opinion the other judges concurred.