15886

SHILLINGLAW v. SPRINGS COTTON MILLS *ET AL.*

(40 S. E. (2d), 502)

*Messrs. Osborne, Butler & Moore,* of Spartanburg, for Appellants,

*Messrs. Gregory & Gregory,* of Lancaster, for Respondent,

November 12, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous opinion of the Court.

This is a workmen's compensation case involving disfigurement. Claimant, in the course of his employment on January 16, 1945, suffered electric burns on the face, arms, hands and neck. He was paid temporary total disability from the date of the accident until he returned to work. There was no permanent disability. Thereafter a hearing was had on the claim for disfigurement at which neither the employer nor the carrier appeared. There was no stenographic report of the proceeding. The hearing Commissioner made notes of the testimony offered and thereafter awarded $1,200.00 "for serious bodily disfigurement". The full Commission, on application by the employer and carrier, reviewed the award, and a majority of the Commission made the following factual findings with reference to the claim for disfigurement:

"That the testimony in the case and the records in the file show that the claimant has a scar on his right wrist 1½″ wide and 2½″ long; a scar on the left side of his hand and scars above the elbow; scars on the left wrist and hand and burns on his arm; right shoulder and right side; tightness and discoloration under the neck, all of which constitutes serious bodily disfigurement. There is also a dark discoloration under both eyes which constitutes a serious facial disfigurement."

On these findings of fact, an award of $1,200.00 "for serious bodily and facial disfigurement" was made by the Commission. The employer and carrier appealed to the Court of Common Pleas. That Court affirmed the award and this appeal followed. The only question necessary for us to de-

termine is the contention of appellants that the award includes disfigurement compensation for scars which have not been shown by the evidence or the facts found by the Commission to be of such character as to constitute a serious disfigurement within the contemplation of the provision of the Workmen's Compensation Act authorizing compensation for "serious facial or head disfigurement" and "for any serious bodily disfigurement". Section 7035-34(t), Code of 1942.

The word "serious", as used in the phrases mentioned, has been defined by this Court in a number of cases. *Poole v. Saxon et al.*, 192 S. C., 339, 6 S. E. (2d), 761; *Stone v. Ware Shoals Mfg. Co. et al.*, 192 S. C., 459, 7 S. E. (2d), 226; *Hamilton v. Little et al.*, 197 S. C., 434, 15 S. E. (2d), 662; *Parrott v. Barfield Used Parts et al.*, 206 S. C., 381, 34 S. E. (2d), 802; *Mitchum v. Inman Mills et al.*, 40 S. E. (2d), 38, filed October 31, 1946. It will be noted from these decisions and others that in order for bodily disfigurement to be compensable, it was formerly necessary to show that it was such as to affect claimant's earning capacity or ability to obtain employment. This requirement was eliminated by the 1941 amendment (42 St. at L., page 221) to the section of the Act under consideration. But it is still required that the claimant show that the alleged disfigurement is of a serious nature. It must be "much more than slight and partaking of permanency".

Appellants concede that the scar on claimant's right wrist constitutes a compensable bodily disfigurement, but contend that the other scars do not and were improperly taken into consideration by the Commission in fixing the amount of the award. Appellants further argue that the alleged discoloration under claimant's eyes is not of such character as to constitute a serious facial disfigurement.

It will be observed that after enumerating the various scars found on claimant, but without undertaking, except as to the right wrist, to describe their size, nature or appearance, the Commission says "*all* of which

constitute serious bodily disfigurement". (Italics ours.) Although there were no factual findings made warranting the conclusion that these other scars were of a serious nature, they were all apparently included in determining the amount of disfigurement awarded. The same criticism may be made of the finding as to alleged facial disfigurement.

■■ While exactness of form and procedure is not required of the Industrial Commission (*Henderson v. Graniteville Co.,* 197 S. C., 420, 15 S. E. (2d), 637), it is the duty of that body to make such specific and definite findings as would enable this Court to properly review the questions of law involved and determine whether the general findings should stand. *Flaherty's case,* . . . . Mass., . . . ., 56 N. E. (2d), 880; *Farmer v. Bemis Lumber Co.,* 217 N. C., 158, 7 S. E. (2d), 376. It is our duty, in reviewing cases such as the one at bar, to ascertain whether the required findings have been made and whether those findings are supported by competent evidence. Here findings of fact essential to support a disfigurement award for some of the scars on claimant's person are lacking.

The following language of the Court in *Chambers v. Thomas Roulston, Inc., et al.,* 210 N. Y. S., 638, is apposite to certain features of the case before us: "The evidence failed to show, and the findings omit to state, the precise nature and extent of the disfigurement found. Without such evidence, and such a finding, we are unable to say that the disfigurement was 'serious' and 'permanent', and therefore cannot affirm the award". The award was reversed and claim remitted. Also, see *Pavik v. Glen Alden Coal Co.,* 140 Pa. Super., 165, 14 A. (2d), 161.

■ We have not overlooked the fact that the claimant appeared before and was observed by the hearing Commissioner, the full Commission, the Circuit Judge, and by this Court during oral argument. On numerous occasions we have approved the practice of the Commission's viewing the claimant and have emphasized the

value of such evidence. In *Baxter v. W. H. Arthur Co. et al.*, 216 N. C., 276, 4 S. E. (2d), 621, the Court said: "The evidence was the best to be had—a view of the body of plaintiff by the full commission. Doubting Thomas would not believe until he saw for himself". However, it was held in *Parrott v. Barfield Used Parts et al., supra* (206 S. C., 381, 34 S. E. (2d), 802), that the record should show more than the fact of such observation, particularly where, as here, the Commission has not recited in its findings of fact a description of its observation sufficient to warrant the general conclusion reached. The record should contain such a statement of the condition and appearance of the claimant as would enable a reviewing court to determine the propriety of a disfigurement award. The record before us does not meet this requirement except as to the scar on the right wrist.

In view of the foregoing conclusion, what disposition should be made of the case? Appellants say in their brief that it would be improper to take additional testimony and the Commission "should be directed to issue a new and smaller award, cutting out their consideration of all these elements which have been included, but which do not constitute serious disfigurement". We are not in accord with the suggested procedure. The hearing before the single Commissioner was in the nature of an uncontested one which no doubt was brought about by the fact that appellants made no appearance. Otherwise the record probably would have been more complete. If the other scars were sufficient to constitute serious bodily disfigurements or if there was facial disfigurement resulting from the accident, we think the claimant should be offered an opportunity of completing the record in these particulars. In determining the amount awarded, we do not know to what extent the Commission was influenced by the other scars or the alleged discoloration under claimant's eyes. These injuries may or may not have been regarded as negligible by the Commission in fixing the award. We think under the circumstances of this

case justice requires that either party be afforded an opportunity of offering any further testimony and the Commission directed to make its findings in accordance with the views herein expressed.

The procedure thus adopted finds rather general support among the authorities. *Fostner v. Morawitz et al.,* 215 App. Div., 176, 213 N. Y. S., 202; *Farmer v. Bemis Lumber Co., supra* (217 N. C., 158, 7 S. E. (2d), 376); *Stanley v. Hyman-Michaels Co.,* 222 N. C., 257, 22 S. E. (2d), 570; *Stubbs v. Industrial Board et al.,* 280 Ill., 208, 117 N. E., 419; *Logan v. Williams Furniture Co.,* 206 S. C., 83, 33 S. E. (2d), 78.

It will be obverved that the Commission made a lump-sum award to cover both bodily and facial disfigurement. Appellants have not excepted to this procedure. But as the case is to be remanded, we desire to point out that separate awards should be made if on another hearing the Commission finds that the claimant has sustained a facial disfigurement resulting from the accident. In this connection, we wish to say that we are not undertaking to pass on appellants' contention that the discoloration, if any, under claimant's eyes did not result from the accident and their further contention that in no event would it be sufficient to constitute a serious facial disfigurement.

There are other questions raised by the exceptions but our conclusion makes it unnecessary to consider them. The judgment is reversed and the record is remanded to the Court below, and that Court is directed to return it to the Industrial Commission for further proceedings in accordance with this opinion.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Taylor concur.