EDWARD DOMBROWSKI *v.* FAFNIR BEARING COMPANY ET AL.

BALDWIN, C. J., KING, MURPHY, MELLITZ and LONGO, Js.

Argued December 9, 1960—decided January 24, 1961

*George A. Downing,* for the appellants (defendants).

*William S. Zeman,* for the appellee (plaintiff).

KING, J. This is an appeal by the named defendant, the employer, and by its insurer, from a judgment of the Superior Court affirming an award of compensation for disfigurement. The plaintiff has spent his working life at various jobs in a machine shop. The award was made under the provisions of what is now, as amended, § 31-162 of the General Statutes. After providing for compensation for partial incapacity, and for the loss, or loss of use, of certain enumerated members of the body, the statute authorizes compensation for disfigurement in the language quoted in the footnote.[1] The plaintiff sustained a compensable injury to his right thumb and, subsequently, a compensable injury to his right middle finger. Each injury left a scar, and

---

[1] "Sec. 31-162. COMPENSATION FOR PARTIAL INCAPACITY. . . . In addition to compensation for total or partial incapacity or for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just . . . for any serious and permanent disfigurement of the face, neck, head, forearms [or] hands . . . up to one hundred and four weeks, but no compensation shall be awarded when such disfigurement was caused solely by the loss of or the loss of use of a member of the body for which compensation payments are provided . . . ."

for each scar the commissioner awarded compensation for two weeks. It is this award with which, alone, we are concerned in this appeal.

To receive any award of compensation under the disfigurement provisions of our compensation act, as quoted, a claimant must prove that he sustained, as a proximate consequence of an injury arising in the course of, and out of, his employment, a disfigurement which was (1) serious, (2) permanent and (3) on one of the areas of the body enumerated in the statute. In this case, it is admitted that each scar was permanent. Each was on the hand, which is one of the areas of the body enumerated.

The claim of the defendants which is perhaps stressed the most is that the fundamental purpose of a compensation act is to provide compensation for loss of earnings or earning capacity and that consequently an implied limitation should be engrafted onto our statute, by judicial construction, to the effect that no award for any disfigurement whatsoever can be made unless it results, or at least may reasonably be expected to result, in such a loss. If this claim is sound, then no award could have been made here, since there was nothing in the finding to indicate that either of the scars had resulted, or was likely to result, in any loss of earnings or earning capacity. The claim finds some support in 2 Larson, Workmen's Compensation Law, p. 51 § 58.32, p. 139 § 65.30. In some jurisdictions, such a limitation is written into the statute authorizing an award for disfigurement. This appears to have once been the case, for instance, in South Carolina, although by subsequent amendment the limitation has been removed. *Shillinglaw* v. *Springs Cotton Mills,* 209 S.C. 379, 382, 40 S.E.2d 502; see 99 C.J.S. 656; 58 Am. Jur. 774, § 274.

The construction of a statute depends upon its expressed intent when it is taken as a whole. *Fox* v. *Zoning Board of Appeals,* 146 Conn. 70, 73, 147 A.2d 472; *Connecticut Chiropody Society, Inc.* v. *Murray,* 146 Conn. 613, 617, 153 A.2d 412; *Clark* v. *Town Council,* 145 Conn. 476, 485, 144 A.2d 327. There is nothing in our statute which in any way lends support to the defendants' claim. Indeed, the claim is clearly inconsistent with the express provision that an award for disfigurement shall be "[i]n addition to compensation [if any] for total or partial incapacity" or for the loss or loss of use of a member, and that, within the limitations set forth in the statute, the award shall be in such amount as the commissioner "deems just." Obviously, under our statute, an award for disfigurement may be made even though a claimant, as was the case here, is unable to prove that the disfigurement is likely to cause any loss of earnings or earning capacity. 58 Am. Jur. 773, § 274; 99 C.J.S. 656. The defendants' claim is, at most, a policy consideration, to be addressed to the General Assembly, and is "foreign to the ascertainment of the expressed legislative intent, which is the basic question here." *Connecticut Chiropody Society, Inc.* v. *Murray,* supra, 618.

The defendants further claim, as matter of law, that neither of the scars was compensable because each was so inconspicuous that it did not, and could not, constitute a serious disfigurement, if indeed it constituted any disfigurement at all. A medical witness described each scar for the record, and the finding recites this description. The scar at the base of the plaintiff's right thumb is a fine-line scar one and one-half centimeters in length; half of it is silvery white in color, and the rest is about the color of the palmar skin. The scar on the middle phalanx

of the plaintiff's right middle finger is also a fine-line scar; it is silvery white in color and about one centimeter in length and runs almost parallel with, and about half a centimeter distant from, the distal flexion crease of the inside of the finger. Neither of the scars would be visible unless the hand was opened and the palm exposed. The commissioner, in his finding, stated that he had viewed the scars and that the description of the doctor did not, in the case of either scar, adequately describe what could be observed by a person viewing that scar. No photographs were introduced, and the only subordinate facts descriptive of either scar are the finding of the commissioner as to the description given by the doctor. The commissioner found no subordinate facts contrary to, or inconsistent with, the descriptions of the doctor or which would in any way support the commissioner's ultimate factual conclusion that those descriptions did not adequately describe the appearance of the scars. This is true even though the finding discloses that the commissioner was informed by counsel that the case was a test case, brought to obtain a construction of the phrase "serious . . . disfigurement" as used in our compensation act. Under the circumstances, the commissioner, in preparing his finding, should have followed the practice outlined in *Northam* v. *L. E. Bunnell Transportation Co.*, 118 Conn. 312, 313, 171 A. 837; see *Shillinglaw* v. *Springs Cotton Mills*, supra, 383.

The statutes in the various states authorizing compensation for disfigurement differ widely in their wording. This gives rise to correspondingly variant judicial constructions in situations factually similar. See 2 Larson, Workmen's Compensation Law §§ 58.31, 58.32; 58 Am. Jur. 773, § 274; 99 C.J.S.

655, § 199. Thus, precedents from other jurisdictions are of limited value in the construction of our statute. A very early collection of cases on disfigurement as a basis for an award of compensation may be found in the annotation in L.R.A., 1916A, 256. A relatively recent collection is contained in 80 A.L.R. 970, which is supplemented in 116 A.L.R. 712. Disfigurement has been defined as that which impairs or injures the beauty, symmetry or appearance of a person or thing; that which renders unsightly, misshapen or imperfect, or deforms in some manner; or that which causes a change of external form to the worse. *Mitchum* v. *Inman Mills,* 209 S.C. 307, 309, 40 S.E.2d 38; *Vick* v. *Springs Cotton Mills,* 209 S.C. 372, 378, 40 S.E.2d 409; 99 C.J.S. 655, § 199; 58 Am. Jur. 773, § 274.

Since there can be no award for a disfigurement unless it is serious, it is necessary to determine the proper meaning of the adjective "serious" as used in the act. Perhaps as good a definition as can be found, and the one which we adopt, is given in *Mitchum* v. *Inman Mills,* supra: Disfigurement, in order to be serious, must be "of such a character that it substantially detracts from the appearance of the person disfigured." This definition is consistent with the fact that the areas enumerated in our statute largely embrace portions of the body either frequently or usually exposed to view, especially in warm weather. *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 384, 34 A.2d 636. It is also consistent with the provision in the statute which allows wide latitude for the proper exercise of the commissioner's discretion by establishing no minimum period during which an award for disfigurement must run but establishing a maximum period of 104 weeks in which it may run. Thus, if

the commissioner finds that the conditions precedent to an award for serious disfigurement have been proven, he must exercise a sound discretion, based on the facts, in determining how long the award, in justice, should run.

In this case, on the subordinate facts in the finding, neither scar could be found to be of such a character that it substantially detracted from the plaintiff's appearance. In short, as to neither scar is there support in the finding for the ultimate factual conclusion that the scar was a serious disfigurement. Consequently, there is no support in the finding for any award at all. A remand for further proceedings, as distinguished from a direction to deny compensation, may well be ordered in a compensation case where, as here, the subordinate facts in the finding do not support the award, provided there is reasonable ground for believing that in further proceedings before the commissioner other facts would be likely to be developed which, if found, would support a substantial award in the plaintiff's favor. *Farnham* v. *Labutis,* 147 Conn. 267, 272, 160 A.2d 120; *Glodenis* v. *American Brass Co.,* 118 Conn. 29, 34, 170 A. 146. Here, however, from the evidence certified in connection with the claimed corrections of the finding, it is apparent that there is no reasonable ground for believing that the plaintiff would receive any substantial benefit from further proceedings.

There is error, the judgment is set aside and the case is remanded to the Superior Court for the rendition of a judgment returning the case to the commissioner with direction to deny an award to the plaintiff.

In this opinion the other judges concurred.