Jose L. Rivera *v*. I. S. Spencer's Sons, Inc., et al.

King, C. J., Alcorn, House, Thim and Ryan, Js.

Argued October 7—decided November 2, 1966

*Donald P. Chernoff,* with whom was *Edward S. Pomeranz,* for the appellants (defendants).

*Leonard L. Levy,* for the appellee (plaintiff).

King, C. J. The plaintiff, while employed by the named defendant, sustained second- and third-

degree burns on his right foot when molten iron ran into his right shoe. It was undisputed that the injury arose in the course of and out of the employment, and that the plaintiff received compensation during his relatively short period of disability. The present controversy is concerned solely with an award of compensation for a period of twenty-five weeks which the commissioner made under the so-called disfigurement provision of our Workmen's Compensation Act. The provision is part of § 31-308 of the General Statutes.

The commissioner found that the claimant had "a very large scar located on the medial side of the right foot and ankle beginning at a point just above the ankle bone and running down to the bottom of the foot covering a substantial surface, measuring 3¾" overall in length and 3" in width"; that "[a]dditional scarring also extended to the bottom of the foot and along the side of the big toe"; and that the scarring was permanent.

The defendant's basic claim is that the disfigurement provision does not authorize an award of compensation for a scar on the foot, as distinguished from one on the lower leg above the foot.

Counsel followed the approved practice in bringing this basic claim to the commissioner's attention at the hearing, and the commissioner in turn followed the approved practice in making a finding adequate for the review of that claim. *Northam* v. *L. E. Bunnell Transportation Co.,* 118 Conn. 312, 313, 171 A. 837. He also followed the approved practice in including in the written finding and award an explanatory memorandum of decision. *Soucier* v. *Genovese,* 151 Conn. 430, 433, 198 A.2d 698, and cases cited.

General Statutes § 31-308, the governing statute,

provides that "the commissioner may award such compensation as he deems just . . . for any serious and permanent disfigurement of the face, neck, head, forearms, hands, upper arms and legs below the knees up to one hundred and four weeks". Since most of the scar was on the foot, the controlling issue is whether the phrase "legs below the knees" does or does not include the foot. Section 1-1 of the General Statutes provides that "[i]n the construction of the statutes, words and phrases shall be construed according to the commonly approved usage of the language". *State* v. *Benson,* 153 Conn. 209, 214, 214 A.2d 903; *Baker* v. *Norwalk,* 152 Conn. 312, 315, 206 A.2d 428, and cases cited.

In applying this rule of construction, we are met at the outset with the problem that the word "leg", as commonly used, sometimes does, and sometimes does not, include the foot, depending upon the context in which the word "leg" is used. Thus, if one speaks of the amputation of a leg, it would obviously include the foot. See dictum in *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 383, 34 A.2d 636. On the other hand, the amputation of a foot would ordinarily not be understood as meaning the amputation of any substantial part of the leg above the ankle joint. If one steps on a sharp object and thereby sustains a puncture injury, it would be commonly described as an injury to the foot rather than an injury to the leg. In common usage, the word "foot" denotes the portion of the leg below the ankle joint. Webster, Third International Dictionary, p. 884. We do not think that the claim here can be satisfactorily determined solely by the test of common usage. But the historical development and legislative evolution of what is now the disfigurement provision of § 31-308 goes

far toward resolving the instant ambiguity in the phrase "legs below the knees". *McBrien* v. *Warden,* 153 Conn. 320, 323, 216 A.2d 432.

The portion of the statute authorizing an award for disfigurement had its origin in 1939 in the enactment of § 1328e of the 1939 Cumulative Supplement, which amended § 5237 of the 1930 Revision of the General Statutes (providing compensation for partial incapacity) by authorizing an award "for any serious and permanent disfigurement of the face, neck, head or hands". In 1943, by the enactment of § 698g of the 1943 Supplement, the disfigurement provision was amended by adding "forearms" after "head". With these amendments (and other amendments unrelated to the disfigurement provision), § 5237 was carried into the 1949 Revision of the General Statutes as § 7431. In *Finoia* v. *Winchester Repeating Arms Co.,* supra, 385, it was held that the addition of the word "forearms" reinforced the court's conclusion in that case that the word "hands", under the disfigurement provision, did not include "forearms".

Section 7431 of the 1949 Revision became § 31-162 of the 1958 Revision, but it was amended by § 7 of No. 580 of the 1959 Public Acts, which added after the word "hands" the words "upper arms and legs below the knees". The sections of the entire compensation act were rearranged and renumbered in 1961 so that § 31-162, as amended in 1959 and, in a respect immaterial to this appeal, in 1961, is now designated § 31-308.

It is obvious that the course of these various amendments was to increase the portions of the body embraced in the disfigurement provision and that this purpose was accomplished by the enumeration of additional specific portions of the body in

line with the method followed in the drafting of the original disfigurement provision. This development would indicate that the phrase "legs below the knees" referred to the legs as distinguished from the feet. The method followed by the General Assembly is emphasized by the fact that the all-inclusive word "arm" was not used in the 1959 amendment, although the entire arm had been brought within the disfigurement provision by the enumeration of upper arms, forearms, and hands.

This construction of the phrase "legs below the knees" as not including the foot is reinforced by the fact that the broadening of the disfigurement provision, by successive amendments, to include additional enumerated portions of the body has tended to follow the increasing exposure of modern dress. *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 384, 34 A.2d 636; *Dombrowski* v. *Fafnir Bearing Co.,* 148 Conn. 87, 92, 167 A.2d 458. Obviously, a scar above the foot but below the knee would be more likely to be exposed to view than would one on the foot itself.

Of course it is the expressed intent of the statute with which we are concerned and not some unexpressed state of mind of the General Assembly. *Finoia* v. *Winchester Repeating Arms Co.,* supra, 385; *Park Regional Corporation* v. *Town Plan & Zoning Commission,* 144 Conn. 677, 682, 136 A.2d 785. Actually, however, the parties have not pointed to anything indicative of a different, even though unexpressed, legislative state of mind. We conclude that the phrase "legs below the knees", as used in the disfigurement provision of General Statutes § 31-308, does not include the foot.

The finding describes the scar as extending somewhat above the ankle joint. That portion of the

scar not below the ankle joint would be on the leg below the knee even though not on the foot. The memorandum of decision, however, makes it clear that the commissioner awarded compensation for the entire scar, the major portion of which was below the ankle joint. In this determination there was error. Whether the portion of the scar at and above the ankle joint would constitute a "serious disfigurement" within our rule, as laid down in *Dombrowski* v. *Fafnir Bearing Co.*, supra, is a matter which must be determined by the commissioner. The mere fact that the lower leg immediately above the foot is not ordinarily exposed to view does not, as matter of law, preclude the making of an award for its disfigurement, although it is an important consideration in a determination of the amount of the award, if any is made. A remand is necessary for further proceedings before the commissioner in conformity with this opinion.[1]

There is error, the judgment is set aside and the case is remanded to the Superior Court for the rendition of a judgment returning the case to the compensation commissioner for further proceedings in conformity with this opinion.

In this opinion the other judges concurred.

---

[1] In disfigurement cases, it would probably be desirable to offer photographs of the scar at the hearing before the commissioner if, as in the present case, the location and the appearance of the scar, and the consequent amount of disfigurement, are, or may be, called into question in appellate proceedings. See, e.g., *Dombrowski* v. *Fafnir Bearing Co.*, 148 Conn. 87, 93, 167 A.2d 458.