HERBERT BAHRE *v.* LARS HOGBLOOM ET AL.

HOUSE, C. J., COTTER, RYAN, LOISELLE and FITZGERALD, Js.

Argued February 3—decided March 22, 1972

*Morton C. Hansen, Jr.,* with whom, on the brief, were *Joseph J. Fauliso* and *Morton N. Katz,* for the appellant (plaintiff).

*Douglas L. Drayton,* with whom was *Edward S. Pomeranz,* for the appellees (defendants).

COTTER, J. The plaintiff, on December 17, 1954, while employed by the named defendant, sustained a back injury arising out of and in the course of his employment. He was paid temporary total compensation until March 2, 1965, pursuant to awards entered by the workmen's compensation commissioner. After payments had been made for total incapacity for a period of more than nine years, the commissioner found that as of March 2, 1965, the plaintiff had a capacity for work and thus had only a permanent partial disability and reduced his compensation rate accordingly; and, thereafter, payments for partial disability were made to July 22, 1968. On July 27, 1968, however, the plaintiff under-

went surgery in the form of a spinal fusion. He again became totally disabled and the commissioner then ordered that temporary total payments be resumed as of July 22, 1968, and continue until it could be shown that the incapacity from the injury had decreased or ceased.

Thereafter, in compliance with the order, compensation was paid for total incapacity to the claimant to January 26, 1970, when compensation payments were discontinued because the employer claimed that the combined temporary total and temporary partial payments had reached 780 weeks. The plaintiff claimed that, pursuant to § 2287c of the 1953 Cumulative Supplement, now designated § 31-307 of the General Statutes, he was entitled to a continuation of total disability payments until his incapacity had decreased or ceased. It was the position of the defendants, who are the employer and his insurer, however, that the portion of § 2288c of the 1953 Cumulative Supplement applied, which stated in part: "Such combined compensation for total incapacity, partial incapacity or specific loss of a member or of the use thereof and disfigurement shall in no case be more than the sum equivalent to compensation for seven hundred and eighty weeks"; and that since compensation for total and partial incapacity for 780 weeks had been paid, the period limited by that statute, liability for further compensation had terminated. The defendants' claim was sustained by the commissioner. The plaintiff appealed to the Superior Court, which rendered judgment dismissing the appeal. The plaintiff has appealed from that judgment.

The present controversy, it is agreed, is concerned solely with an interpretation of §§ 2287c and 2288c of the 1953 Cumulative Supplement, i.e., whether

the plaintiff is entitled to compensation for total disability under § 2287c, or is limited by the provision relating to combined payments in § 2288c because there was a period of partial incapacity intervening between the episodes of total incapacity. A resolution of the question must depend on an interpretation of §§ 2287c and 2288c[1] because an apparent inconsistency and contradiction exists in the statutes. The pertinent portion of the statute relative to total incapacity, discussed above, as adopted in 1953, reads: "Sec. 2287c. Compensation for total incapacity. If any injury for which compensation is provided under the provisions of this chapter shall result in total incapacity to work, there shall be paid to the injured employee a weekly compensation equal to *sixty per cent* of his average weekly earnings at the time of injury; but the compensation shall in no case be more than *forty* dollars or less than twelve dollars weekly; and such compensation shall not continue longer than the period of total incapacity." At that legislative session, as indicated, an increase in the weekly compensation was adopted and the limitation of 780 weeks for total incapacity was removed from the former statute. Pursuant to § 7430, Rev. 1949, the limitation for payment for total disability at that time was set at 520 weeks. At the January session of the General Assembly in 1949 this had been increased to 624 weeks, § 617a, 1949 Sup.; and it was in 1951, § 1313b, 1951 Cum. Sup., that it was increased to 780 weeks. The same 1953 wording of § 2287c relative to the continuance of total incapacity payments may be found in the present statute designated § 31-307.

The history of the statute, § 2287c, Cum. Sup.

---

[1] These statutes were in force at the time of the injury. *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217, 220, 96 A. 963.

1953, demonstrates a clear intention by the legislature to upgrade and liberalize workmen's compensation payments through the years and to extend systematically the duration of payments, finally resulting in a complete removal of the ceiling on total incapacity in the session of 1953. The language of the statute is plain and unequivocal so that there is no need for statutory construction; the intention, however, clearly expressed in the statute is, nevertheless, corroborated by its history, discussed above, the objects sought to be accomplished and the purpose it is designed to serve. *Little* v. *Ives,* 158 Conn. 452, 455, 262 A.2d 174. A change of legislative intent was clearly indicated by the change of language in the amendment and it would be presumed that the legislature did not intend to produce an absurd consequence and limit the effect of that amendment through the application of another statute. *Bridgeport* v. *Stratford,* 142 Conn. 634, 643–44, 116 A.2d 508; *Gallagher* v. *New York & N.E.R. Co.,* 57 Conn. 442, 445, 18 A. 786.

The defendants take the position that the last sentence of § 2288c, pertinent provisions of which appear in footnote,[2] precludes payment beyond a

[2] "Sec. 2288c [Cum. Sup. 1953]. COMPENSATION FOR PARTIAL INCAPACITY. If any injury for which compensation is provided under the provisions of this chapter shall result in partial incapacity, there shall be paid to the injured employee a weekly compensation equal to *sixty per cent* of the difference between his average weekly earnings before the injury and the amount he is able to earn thereafter. Such compensation shall in no case be more than *forty* dollars weekly and shall continue during the period of partial incapacity, but no longer than seven hundred and eighty weeks. If the employer shall procure for an injured employee employment suitable to his capacity, the wages offered in such employment shall be taken as the earning capacity of the injured employee. With respect to the following-described injuries the compensation, in addition to the usual compensation for total incapacity but in lieu of all other payments for compensation, shall be *sixty per cent* of the average weekly earnings

period of 780 weeks because that "limitation applies to any combination of compensation paid for total incapacity, partial incapacity or specific loss of use of a member and disfigurement."[3] An inconsistency or contradiction appears to exist in the two statutes. In such a case, in construing a legislative enactment, the various provisions should be considered as a whole to reconcile all parts as far as possible. *Obuchowski* v. *Dental Commission,* 149 Conn. 257, 266, 178 A.2d 537.

The court, in construing a legislative act, considers its history, its language, the purpose it is designed to serve and the circumstances surrounding its enactment; and, in determining its purpose and scope, makes every part operative and harmonious with every other part insofar as is possible since the letter of a law or its literal meaning is not in all cases a correct guide to the intent and true sense of the lawmaker. *Feldman* v. *Administrator,* 138 Conn. 724, 727, 89 A.2d 210. The legislative objects must be

---

of the injured employee, but in no case more than *forty* dollars or less than twelve dollars weekly. . . . In addition to compensation for total or partial incapacity or for a specific loss of a member or use of the function of a member of the body, the commissioner may award such compensation as he deems just, equal to *sixty per cent* of the average weekly earnings of the injured employee, but in no case more than *forty* dollars or less than twelve dollars weekly, for any serious and permanent disfigurement of the face, neck, head, forearms or hands up to one hundred and four weeks, but no compensation shall be awarded when such disfigurement was caused solely by the loss of or the loss of use of a member of the body for which compensation payments are provided by the terms of subsections (a) to (1), inclusive. Such combined compensation for total incapacity, partial incapacity or specific loss of a member or of the use thereof and disfigurement shall in no case be more than the sum equivalent to compensation for seven hundred and eighty weeks."

[3] The reference to total incapacity in the last sentence of § 2288c was deleted in the 1961 legislative session. Public Acts 1961, No. 491 § 31.

taken into account. *Norwalk* v. *Daniele,* 143 Conn. 85, 87, 119 A.2d 732. The portion of the statute, § 2288c, "authorizing an award for disfigurement had its origin in 1939 in the enactment of § 1328e of the 1939 Cumulative Supplement, which amended § 5237 of the 1930 Revision of the General Statutes (providing compensation for partial incapacity)." *Rivera* v. *I. S. Spencer's Sons, Inc.,* 154 Conn. 162, 165, 223 A.2d 808. This provision relating to compensation for disfigurement was added to the original statute, which contemplated only loss or loss of use of the member. *Finoia* v. *Winchester Repeating Arms Co.,* 130 Conn. 381, 384, 34 A.2d 636. The parties agree that "there has never at any time been any reference in the Workmen's Compensation statutes to any such thing as a combination of total and partial incapacity" and that both are separate and distinct from one another. *Olmstead* v. *Lamphier,* 93 Conn. 20, 23, 104 A. 488; *Franko* v. *William Schollhorn Co.,* 93 Conn. 13, 16–17, 104 A. 485. The defendants, however, claim that § 2288c refers to a combination of consecutive payments for total and partial disability. The sentence, however, preceding the sentence beginning with "[s]uch combined compensation," which we are construing, reads, in part: "In addition to compensation for total or partial incapacity or for a specific loss of a member or use of function of a member of the body, the commissioner may award such compensation as he deems just, . . . for any serious and permanent disfigurement." An award for disfigurement shall be in addition to compensation, if any, for total or partial incapacity. *Dombrowski* v. *Fafnir Bearing Co.,* 148 Conn. 87, 90, 167 A.2d 458; 58 Am. Jur., Workmen's Compensation, § 274. It is reasonable and permissible statutory construction to conclude that the word

"[s]uch," which begins the last sentence of § 2288c, refers back to the prior sentence allowing compensation for disfigurement "in addition to compensation for total or partial incapacity or for a specific loss of a member." See *Dombrowski* v. *Fafnir Bearing Co.,* supra. The word "such" has been construed as a related adjective referring back to and identifying something previously spoken of and that it naturally, by grammatical usage, refers to the last precedent. *Estate of Hill,* 214 Cal. App. 2d 812, 820, 29 Cal. Rptr. 814; *Joseph L. Pohl, Contractor, Inc.* v. *State Highway Commission,* 431 S.W.2d 99, 105 (Mo.); *Sharlin* v. *Neighborhood Theatre, Inc.,* 209 Va. 718, 721, 167 S.E.2d 334. This interpretation follows the scheme or plan of § 2288c. For instance, the second sentence of the statute also speaks of "such compensation" and it, too, clearly refers back to the first sentence in the section which is the last precedent. The meaning of "such," we have said, is not to be determined solely by resort to the dictionary definition and we must consider the entire paragraph, the mischief it was designed to remedy and the policy underlying it. *Great Atlantic & Pacific Tea Co.* v. *Katona,* 151 Conn. 417, 419, 420, 421, 198 A.2d 711; *Dostmann* v. *Zoning Board of Appeals,* 143 Conn. 297, 300, 301, 122 A.2d 19; 82 C.J.S., Statutes, § 325; 50 Am. Jur., Statutes, § 286; cf. *Litchfield* v. *Bridgeport,* 103 Conn. 565, 131 A. 560. "The purpose of the legislature clearly was to provide for compensation for disfigurement." *Finoia* v. *Winchester Repeating Arms Co.,* supra.

The last two sentences of § 2288c apply the 780-week limitation to a combination of payments of total incapacity and disfigurement, or partial incapacity and disfigurement, and demonstrate a legislative intent and purpose to limit the additional pay-

ments for disfigurement. It is significant to note the use of the word "or" in relation to the word "and." Compensation for each of the three types of compensable injuries is combined with compensation for disfigurement by the word "and." The word "or," however, separates each type of injury. In this sense, compensation for partial incapacity is not to be considered in combination with compensation for total incapacity; it is one or the other. "The use of the disjunctive 'or' between the two parts of the statute indicates a clear legislative intent of separability. *State* v. *Sul,* 146 Conn. 78, 89, 147 A.2d 686; *Harris* v. *Egan,* 135 Conn. 102, 105, 60 A.2d 922." *State* v. *Dennis,* 150 Conn. 245, 248, 188 A.2d 65.

The sole application of § 2288c to a totally disabled employee is to an employee who is disfigured in addition to being totally disabled. The statute does not affect the period that payments are to be made for total disability which are paid pursuant to § 2287c. The plaintiff makes no claims of disfigurement, nor has the commissioner made a finding to that effect. Since the claimant has no disfigurement, and has been found to be totally disabled, § 2288c is not applicable. " 'Courts must assume that the legislature intended a reasonable and rational result and must, when possible, construe statutes accordingly.' " *Stone* v. *Sullivan,* 154 Conn. 498, 503, 227 A.2d 76.

The application of § 2287c providing compensation for total disability is not limited solely to those persons who are permanently and totally disabled. It is quite likely that an injured person may have undergone a period of partial incapacity prior to, or intervening, a period of total incapacity. The Workmen's Compensation Act anticipates such occurrences and provides that the award of the com-

missioner may be modified where the incapacity increases, decreases or ceases. General Statutes § 31-315 (Rev. to 1962), formerly § 7434, Rev. 1949; see *Henderson* v. *Mazzotta,* 113 Conn. 747, 750, 157 A. 67. During the period of total incapacity, whether the injury is permanent or temporary, the disabled employee is entitled to compensation for the prescribed period. *Franko* v. *William Schollhorn Co.,* supra, 16; see *Olmstead* v. *Lamphier,* supra.

The Workmen's Compensation Act is liberally construed in favor of the employee; *Gesmundo* v. *Bush,* 133 Conn. 607, 611, 53 A.2d 392, 58 Am. Jur., Workmen's Compensation, §§ 26, 27; and it is to be interpreted with sufficient liberality to carry into effect the beneficent purpose contemplated in that act and not to defeat that purpose by narrow and technical definition. *Meade* v. *L. G. DeFelice & Son, Inc.,* 137 Conn. 292, 296, 76 A.2d 862. The rationale behind the Workmen's Compensation Act has always been to provide compensation for an injury arising out of and in the course of employment regardless of fault and we can assume that the General Assembly acted with the knowledge of this longstanding construction which this court has given to the purpose of such legislation. *Klapproth* v. *Turner,* 156 Conn. 276, 279, 240 A.2d 886.

The real and essential purpose of § 2287c, clearly expressed in the enactment, was to remove any limitation on payments for total incapacity. *Kuehne* v. *Town Council,* 136 Conn. 452, 456, 72 A.2d 474. To apply § 2288c as urged by the defendants would defeat the expressed intent of § 2287c. We cannot conclude that the two statutes are in conflict. Where one construction thwarts the purpose of an enactment and another does not, the latter construction, where possible, is preferred. *Bergner* v. *State,* 144

Conn. 282, 288, 130 A.2d 293. The compensation claim of the plaintiff is not limited by the provisions of § 2288c.

There is error, the judgment is set aside and the case is remanded to the Superior Court with direction to sustain the appeal and return the case to the commissioner for further action in accordance with this opinion.

In this opinion the other judges concurred.